## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

OBED JIMENEZ, on Behalf of Himself
and on Behalf of All Others Similarly
Situated,

                Plaintiff,

v.                                            No. CV 15-00802 WJ/KBM

PACKERS PLUS ENERGY SERVICES (USA) INC.,

                Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEEFNDANT'S MOTION TO TRANSFER VENUE

THIS MATTER comes before the Court upon Defendant's Motion to Transfer Venue (**Doc. 16**), filed December 31, 2015. Defendant seeks to transfer this case to the Midland Division of the United States District Court for the Western District of Texas. Having reviewed the parties' filings and the applicable law, the Court finds that Defendant's Motion to Transfer Venue is well taken, and therefore **GRANTED**, as herein described.

### BACKGROUND

Plaintiff Obed Jimenez ("Mr. Jimenez") resides in Gaines County, Texas. Mr. Jimenez worked as a Field Operator for Defendant Packers Plus Energy Services (USA), Inc. ("Packers Plus") from approximately March 2011 until November 2013. Packers Plus is an oilfield services company that provides specialized well drilling tools and equipment to oil and gas exploration companies in at least sixteen (16) states. As a Field Operator, Mr. Jimenez would assist the customers' crews in assembling and using the drilling tools, and remain on the jobsite for several

days to assist in the operation of the equipment and to answer questions. Mr. Jimenez worked for Packers Plus in Texas, New Mexico, and Oklahoma. Mr. Jimenez alleges that he would commonly work in excess of twelve (12) hours a day and seven days per week. Packers Plus pays its Field Operators a salary and a day rate for each day spent in the field. Mr. Jimenez states that this is not overtime pay, but rather is a lump sum payment that must be included in a Field Operator's regular rate of pay.

      Mr. Jimenez alleges that Packers Plus misclassified Field Operators as exempt from overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Packers Plus should have instead paid Mr. Jimenez time-and-a-half for all hours worked in excess of forty (40) hours per week. Mr. Jimenez also alleges that Packers Plus violated the New Mexico Minimum Wage Act, N.M. STAT. ANN § 50-4-22(D), which requires payment of one and one-half times the employee's regular rate for each hour worked per week over forty (40) hours. Mr. Jimenez seeks to bring his overtime claims arising under the New Mexico Minimum Wage Act as a Rule 23 class action on behalf of all current and former Field Operators in New Mexico who worked for Packers Plus at any time during the three-year period before the filing of the Complaint.

      Mr. Jimenez also filed a Motion for Conditional Certification (**Doc. 29**) on April 1, 2016, seeking conditional certification of the FLSA collective action. Mr. Jimenez alleges that Packers Plus employed 141 other Field Operators that labored under similar working conditions. Mr. Jimenez seeks to conditionally certify a class of "all current and former field operators of Defendant classified as exempt from overtime for at least one week during the three-year period prior to the date when the Court authorizes notice to the present." (**Doc. 29**, at 1).

      Packers Plus filed a Motion to Transfer Venue (**Doc. 16**) on December 31, 2015. Mr.

Jimenez filed a Response (**Doc. 26**) on March 30, 2016, and Packers Plus filed a Reply (**Doc. 31**) on April 13, 2016.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under this provision, courts have broad discretion to adjudicate motions to transfer, and should decide motions to transfer on a case-by-case basis. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991). Based on its language, an analysis under §1404(a) requires consideration on three fronts: (1) whether the case could have been brought in the other district or division; (2) whether discretionary factors weigh in favor of transfer based on the convenience of parties and witnesses; and (3) whether transfer is in the interest of justice.

Courts consider the following discretionary factors when evaluating the convenience of parties and witnesses: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (citation omitted).

The "interest of justice" analysis is a separate element of the transfer analysis that relates

3

to the efficient administration of the court system. *See Van Dusen v. Barrack*, 376 U.S. 612, 626–27 (1964). This element is concerned with both judicial efficiency and the avoidance of conflict between coordinate courts. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960).

## DISCUSSION

The key limitation on the Court's discretion to transfer a case under 28 U.S.C. § 1404(a) is the requirement that the new forum be a "district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). Defendant contends that this case could have been brought in the Midland Division of the Western District of Texas. Plaintiff apparently does not contest that this case could have been brought in the Western District of Texas, and instead focuses on the discretionary factors the Court will turn to next. The Court agrees with Defendant that because a substantial portion of the events giving rise to Plaintiff's claims occurred in the Western District of Texas, Plaintiff resides in Texas, and Plaintiff was based in Defendant's Midland, Texas office, this case "might have been brought" in the Midland Division of the Western District of Texas, and therefore the Court may transfer the case to that District, pursuant to 28 U.S.C. § 1404(a).

Once the Court concludes that a case might have been brought in the transferee court, the Court next evaluates certain discretionary factors to determine whether such factors weigh in favor of transfer based on the convenience of parties and witnesses. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153 (10th Cir. 2010). In the Tenth Circuit, courts consider the following discretionary factors: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the

4

enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical. The Court will address each relevant factor in turn.

1.      **Plaintiff's Choice of Forum**

Defendant concedes that a Plaintiff's choice of forum should rarely be disturbed and weighs against transfer. *See Bartile Roofs, Inc.*, 618 F.3d 1153, 1167–68 (10th Cir. 2010). However, Defendant notes that Plaintiff's choice of forum receives less deference if the Plaintiff does not reside in the district of the chosen forum, and even less deference where the facts giving rise to the lawsuit have no significant connection to the Plaintiff's chosen forum. *See id*. Plaintiff is a resident of Gaines County, Texas and was employed at the Midland, Texas district office. Further, Plaintiff performed twenty percent of his work in New Mexico, but fifty percent of his work in Texas. Thus, Defendant argues that Plaintiff's choice of forum should receive little deference.

Plaintiff argues that New Mexico is the location where Plaintiff alleges he worked and was harmed, and he bases his claim on activity that occurred in New Mexico. Plaintiff points to *Emberton v. Rutt*, No. 07-1200 JB/RLP, 2008 WL 4093714 (D.N.M. Mar. 31, 2008), in which the district court denied a motion to transfer a case to the Southern District of Texas. There, while the trustee resided in Texas and a substantial portion of the trust administration occurred in Texas, for a period of time, the administration of the trust occurred in New Mexico. Plaintiff argues that similarly, the Court should deny the Motion to Transfer based on the activity that occurred in New Mexico.

5

The Court finds that while Plaintiff's choice of forum is afforded significant weight, this weight is reduced doubly given that Plaintiff does not reside in the district and performed fifty percent of his work in Texas. *Emberton v. Rutt*, cited by Plaintiff, mainly concerned whether the court had personal jurisdiction over the defendant. After determining that the court did have personal jurisdiction, the court decided not to transfer the matter because a key issue in the case concerned *where* the administration of the trust occurred. Thus, either Texas or New Mexico law could govern the case. In this case, by contrast, there is no dispute that Plaintiff performed some work (20%) in New Mexico, performed more work (30%) in Oklahoma, and performed at least half of his work (50%) in Texas. Nor is there a dispute over the law to apply. Therefore, *Emberton* is not persuasive authority for the Court primarily because of distinctly different legal issues. The Court finds that given the significantly greater connection to the Midland Division and the Western District of Texas, Plaintiff's choice of forum weighs in favor of transfer to the Midland Division.

**2.      Accessibility of Witnesses and Other Sources of Proof**

Defendant notes that the convenience of witnesses is the most important of the discretionary factors in deciding a motion to transfer venue under § 1404(a). *See Bartile*, 618 F.3d at 1169. Defendant first argues that corporate headquarters of Packers Plus is located in Houston, Texas, which is closer to Midland, Texas than Albuquerque, New Mexico. Next, Defendant argues that many human resources and payroll personnel and documents are located in Houston, Texas. Further, Plaintiff's supervisors and co-workers, as well as some relevant documents, are located in the Midland, Texas district office. Defendant argues that the accessibility of witnesses and sources of proof therefore weigh in favor of transfer.

Plaintiff argues that while some witnesses reside in Midland, the factor centers on third-

party witnesses because employees will be available in any venue by virtue of their employment relationship. Plaintiff notes that he has identified third-party witnesses who reside in New Mexico, such as Craig Hanagan, a customer representative with knowledge of Plaintiff's work hours. Mr. Jimenez has stated in an affidavit that he does not believe these New Mexico witnesses would be able to travel to Midland, Texas. Thus, Plaintiff argues that this factor weighs against transfer.

The Court finds that this factor weighs in favor of Defendant. While Plaintiff has identified at least one customer representative that resides in New Mexico, given that Plaintiff performed fifty percent of his work in Texas and only twenty percent in New Mexico, it stands to reason that there are likely more than twice as many customer representatives with knowledge of Plaintiff's work in Texas than there are New Mexico. Further, it is clear that documents located in Houston and Midland offices and personnel employed in Houston and Midland will be more accessible in the Midland Division in Midland than in the District of New Mexico in Albuquerque.

**3.      Cost of Making the Necessary Proof**

Defendant argues that travel to the Midland Division will be faster and cheaper than travel to the District of New Mexico.

Plaintiff counters that the Midland office is a relatively small office with around seventy-five percent of Field Operators assigned to other offices. Further, many of the documents are in electronic format and therefore impose no cost. Finally, there are more flights per day from Houston to Albuquerque than there are from Houston to Midland, and the cost of the flights to Albuquerque is slightly lower.

The Court finds that this factor weighs slightly in favor of Defendant. While the Midland

office may employ few of the total number of Field Operators at Packers Plus, that doesn't therefore weigh in favor of the District of New Mexico retaining jurisdiction over this case. Plaintiff was assigned to the Midland office and performed most of his work in Texas when compared to the work performed in Oklahoma and New Mexico. While the Court agrees with Plaintiff that there are more flight per days from Houston to Albuquerque than there are from Houston to Midland, the Court finds this to be only a minor advantage. Further, while the average cost of a flight to Albuquerque may be slightly lower, according to sample prices attached to Plaintiff's Response as Exhibit 4, the price difference is again a trivial advantage: a savings of around twelve dollars per flight.

**4.      Enforceability of a Judgment**

Defendant cites to *Joyce Holder Trust v. Apache Corp.*, No. 11-579 JCH/LAM, 2011 WL 5402698 (D.N.M. Oct. 31, 2011), in which the district court ruled that it would be simpler for the Southern District of Texas to enforce a judgment than the District of New Mexico in a motion for transfer involving a Delaware corporation with its headquarters in Houston, Texas.

Plaintiff argues that the enforceability of a judgment is no different in New Mexico than it is in Texas. Plaintiff argues that by filing in New Mexico, Plaintiff has chosen to bear the burden of enforcing a New Mexico judgment, and thus, the need to domesticate the judgment is a neutral factor.

The Court finds this to be a neutral factor. Any judgment Plaintiff might obtain in this action would be equally enforceable in New Mexico, Texas, or any other state where Defendant operates.

**5.      Difficulties That May Arise From Congested Dockets**

Defendant argues that according to the most recent Federal Court Management Statistics,

the median time from filing to disposition for civil cases in the District of New Mexico is 11.2 months, while the median time in the Western District of Texas is 7.1 months, and therefore, the Western District of Texas has a less congested docket.

Plaintiff argues that in evaluating docket congestion, statistics for the Midland division are more relevant than those for the entire Western District of Texas. Based on Plaintiff's calculation of the number of district court judges in the Midland Division and the District of New Mexico, Plaintiff extrapolates that in 2015, there were 115 civil filings per judge in the District of New Mexico, but 242 civil filings per judge in the Midland Division. Thus, Plaintiff concludes that the Midland division has a more congested docket.

The Court finds that this to be a neutral factor. The type of statistics cited by both parties can be somewhat misleading and frequently become quickly outdated. First, some judges move their civil case dockets faster than others and so how fast a civil case can be brought to resolution may depend on the luck of the draw insofar as which judge gets assigned to a particular case. Second, what ultimately has the most influence on civil case disposition in the District of New Mexico is the same as what influences disposition of civil cases in the Western District of Texas, the Southern District of Texas, the District of Arizona and the Southern District of California and this is the size of the criminal caseloads in the five federal district courts located along the southwest border between the United States and Mexico.

**6.    Conflict of Law Questions**

Defendant argues that the FLSA would apply equally to both Texas and New Mexico actions. Defendant notes that while Plaintiff has brought a claim under the New Mexico Minimum Wage Act, Texas substantive law will apply to Plaintiff's claim, specifically the Texas Minimum Wage Act, because Plaintiff's claims primarily arise from his work for Defendant in

Texas.

Plaintiff argues that Defendant must still comply with the New Mexico Minimum Wage Act for the work Plaintiff performed in New Mexico. Plaintiff notes that unlike the New Mexico Minimum Wage Act, the Texas Minimum Wage Act does not apply to workers subject to the FLSA.

To the Court, it appears that Defendant misstates the law in arguing that were this case transferred to the Western District of Texas, the Texas Minimum Wage Act would be substituted for the New Mexico Minimum Wage Act, apparently because the majority of Plaintiff's work occurred in Texas. Rather, the New Mexico Minimum Wage Act will apply to Plaintiff's work conducted while in New Mexico. The Texas Minimum Wage Act would only apply to Plaintiff's work conducted while in Texas, regardless of whether this case was heard in federal court in the District of New Mexico or the Western District of Texas.

The Court therefore finds this to be a neutral factor, as there do not appear to be a conflict of laws issue involved in the case.

### 7.    Advantage of Having a Local Court Determine Questions of Local Law

Defendant reiterates its argument that Texas state law will apply to Plaintiff's minimum wage act claim. Plaintiff argues that courts prefer the action to be adjudicated by a court sitting in the state that provides the governing substantive law. *See Tex. E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.*, 579 F.2d 561, 567–68 (10th Cir. 1978).

The Court finds that this factor weighs in favor of Plaintiff, as Plaintiff does assert a claim under the New Mexico Minimum Wage Act.

### 8.    Remaining Factors

The Court finds that the two remaining factors: (1) "the relative advantages and obstacles

to a fair trial" and (2) "all other considerations of a practical nature" to be either neutral or irrelevant factors that do not affect the Court's analysis. Further, these factors were not addressed by either Defendant or Plaintiff.

### CONCLUSION

Of the seven factors addressed by the parties, the Court finds that three factors weigh in favor of Defendant, three factors are neutral, and one factor weighs in favor of Plaintiff. Importantly, the Court finds that the accessibility of witnesses and other sources of proof, the most important factor in deciding a motion to transfer venue, weighs strongly in favor of Defendant. Overall, the balance of the analysis weighs in favor of transferring the case.

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1404(a), Defendant's Motion to Transfer Venue is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is hereby instructed to take the necessary actions to transfer the above-captioned case to the Midland Division of the United States District Court for the Western District of Texas.

_____
UNITED STATES DISTRICT JUDGE